UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NAEEMA SCREVEN,

                        Plaintiff,

    -against-

P.O. ELIX HERNANDEZ, Shield No. 4249, and
THE CITY OF NEW YORK,

                        Defendants.
----------------------------------------X

**COMPLAINT AND JURY TRIAL DEMAND**

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y
NOV 07 2008
BROOKLYN OFFICE

08 4514

DEARIE, CH. J.

Plaintiff, NAEEMA SCREVEN, by her attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

5. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff, NAEEMA SCREVEN, was and is a natural person, resident in the County of Queens, City and State of New York.

7. At all times relevant hereto, defendant P.O. ELIX HERNANDEZ, Shield No. 4249, (hereinafter "HERNANDEZ") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

8. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation authorized and operating pursuant to the laws of the State of New York.

9. Defendant HERNANDEZ is sued in his individual capacity as well as in his capacity as an employee of defendant CITY OF NEW YORK.

10. On or about September 28, 2007, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

11. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

12. This action is commenced within one year and ninety days from the date the causes of action herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT HERNANDEZ
### (42 U.S.C. § 1983)

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "12" hereinabove as if more fully set forth at length herein.

14. On or about August 20, 2007, at approximately 8:30 A.M., plaintiff, after having paid her fare, was proceeding down the stairway leading to the A train platform of the Broadway Junction subway station, which is located in the County of Kings, City and State of New York.

15. The aforementioned stairway is divided by a railing that runs down the center thereof.

16. At the time plaintiff was proceeding down the aforementioned stairway, one side of it was designated as a "down" stairway and the other side was designated as an "up" stairway.

17. Plaintiff was descending the stairs on the side of the stairway designated for use by persons heading down towards the platform.

18. As plaintiff descended the stairs she saw her train pulling into the station.

19. The "down" portion of the stairway was crowded with people but no one was using the "up" side of the stairway.

20. Plaintiff crossed over the railing dividing the two portions of the stairway so as to hurry down the stairs and catch the aforementioned train.

21. As plaintiff reached the platform, she was stopped by defendant HERNANDEZ.

22. Defendant HERNANDEZ asked plaintiff for identification.

23. Plaintiff looked in her pocketbook and realized that she had left her identification in her other pocketbook, which was at home.

24. Plaintiff informed defendant HERNANDEZ that she did not have any official identification with her because she had left it in other pocketbook, but that she would give him her name.

25. Defendant HERNANDEZ replied, "Give me your ID or you're going to jail." Plaintiff asked, "For what?"

26. Defendant HERNANDEZ's reply to plaintiff's question was, "Turn around. I'm taking you to jail."

27. Plaintiff requested to call her mother and flipped open her cell phone, which was she was holding in one of her hands.

28. Defendant HERNANDEZ immediately maced her in the face.

29. Plaintiff, who was wearing contact lenses, was blinded by the spray.

30. Plaintiff screamed at defendant HERNANDEZ, "I'm just trying to go to school. Why are you doing this? What's wrong with you? Oh, my God."

31. Defendant HERNANDEZ's response was to throw plaintiff down onto the aforementioned stairway and to rear handcuff her.

32. Defendant HERNANDEZ now forcibly led plaintiff, who was blinded and screaming, upstairs to the stationhouse of the 33rd Transit District.

33. Once inside the stationhouse, defendant HERNANDEZ attempted to walk plaintiff to a cell.

34. However, still blinded and screaming, plaintiff walked into a door frame.

35. Plaintiff heard a male voice ask defendant HERNANDEZ if he had sprayed plaintiff with mace.

36. Defendant HERNANDEZ answered in the affirmative and was told by the male voice to, "Hurry up and take her cuffs off so she can wash her face."

37. Defendant HERNANDEZ complied with the aforementioned order but plaintiff was so upset that she began hyperventilating and was unable even to wash her face.

38. A female officer came to plaintiff's assistance.

39. Plaintiff informed the female officer that she was wearing contact lenses and was unable to open her eyes.

40. It took plaintiff approximately one hour to remove the contact lenses from her eyes.

41. An ambulance was called to the stationhouse.

42. Plaintiff was transported to Brookdale University Hospital.

43. At the stationhouse, plaintiff had requested that her mother be called.

44. However, plaintiff was not given a phone call and no one called her mother for her.

45. At Brookdale University Hospital, a nurse, using plaintiff's cell phone, telephoned plaintiff's mother.

46. At the hospital, plaintiff was kept handcuffed and shackled, but was afforded treatment.

47. After being treated at the hospital, plaintiff was transported back to the stationhouse of the 33rd Transit District.

48. Plaintiff was fingerprinted and photographed.

49. Plaintiff was transported to Brooklyn Central Booking.

50. After approximately fifteen hours in custody, plaintiff was brought before a Judge of the Criminal Court of the City of New York, County of Kings.

51. Plaintiff was falsely and maliciously accused by defendant HERNANDEZ of having knocked over other persons on the subway stairs, thereby allegedly having committed the violation of disorderly conduct.

52. Plaintiff was released in her own recognizance.

53. The charge against plaintiff was ultimately adjourned in contemplation of dismissal.

54. Defendant HERNANDEZ violated plaintiff's right to the due process of law guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, he, without any cause or provocation whatsoever, maced plaintiff in the face, forcefully threw her onto a subway stairway, falsely placed her under arrest, falsely imprisoned her, falsely and maliciously accused her of having knocked over other persons on a stairway and falsely and maliciously charged her with disorderly conduct.

55. Because of the aforesaid acts committed by defendant HERNANDEZ, plaintiff suffered a deprivation of the right to the due process of law guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of her liberty, suffered and continues to suffer serious and permanent physical and emotional injuries, lost time from her schooling and incurred medical and legal expenses.

56. By reason of the unconstitutional and illegal actions taken against her by defendant HERNANDEZ, plaintiff has been damaged in the amount of One Million

($1,000,000.00) dollars and demands an additional One Million ($1,000,000.00) dollars in punitive damages against defendant HERNANDEZ.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT HERNANDEZ AND THE CITY OF NEW YORK
(Battery)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" hereinabove as if more fully set forth at length herein.

58. On or about August 20, 2007, at approximately 8:30 A.M., on or near the A train platform of the Broadway Junction subway station in the County of Kings, City and State of New York, defendant HERNANDEZ, without probable cause therefor, offensively touched plaintiff by macing her in the face, forcefully throwing her down onto a subway station stairway and rear handcuffing her.

59. The aforesaid force used by defendant HERNANDEZ was not reasonable under the circumstances.

60. At the aforesaid time and place, defendant HERNANDEZ was acting within the scope of his employment by defendant CITY OF NEW YORK.

61. By reason of the aforesaid false arrest committed against her by defendant HERNANDEZ, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer serious and permanent physical and emotional injuries, lost time from her schooling and incurred medical and legal expenses.

62. As a result of the aforesaid act of battery committed against her by defendant HERNANDEZ, while he was acting within the scope of his employment by

defendant CITY OF NEW YORK plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars and seeks an additional One Million ($1,000,000.00) dollars in punitive damages against defendant HERNANDEZ.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT HERNANDEZ AND THE CITY OF NEW YORK
(False Arrest)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" hereinabove as if more fully set forth at length herein.

64. On or about August 20, 2007, at approximately 8:30 A.M., on or near the A train platform of the Broadway Junction subway station in the County of Kings, City and State of New York, defendant HERNANDEZ, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff, causing her to be incarcerated for approximately fifteen hours.

65. Defendant HERNANDEZ falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the violation of disorderly conduct.

66. Plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement at the stationhouse of the 33rd Transit District, Brookdale University Hospital and Brooklyn Central Booking.

67. At the time he committed the aforesaid act of false arrest and false imprisonment, defendant HERNANDEZ was acting within the scope of his employment by defendant CITYOF NEW YORK.

68. By reason of the false arrest and false imprisonment committed against her by defendant HERNANDEZ, while he was acting within the scope of his

employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of liberty and suffered and continues to suffer serious and permanent physical and emotional injuries, lost time from her schooling and incurred medical and legal expenses.

69. As a result of the false arrest and false imprisonment committed against her by defendant HERNANDEZ, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the sum of One Million ($1,000,000.00) dollars and seeks an additional One Million ($1,000,000.00) dollars as punitive damages against defendant HERNANDEZ.

WHEREFORE, plaintiff, NAEEMA SCREVEN, demands judgment against defendants, P.O. ELIX HERNANDEZ, Shield No. 4249 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant HERNANDEZ;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant HERNANDEZ;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant HERNANDEZ.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       November 5, 2008

*Alan D. L.*
_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
(718) 793-6363
File No: 2081